GIBSON, DUNN & CRUTCHER LLP
CRAIG VARNEN, SBN 170263
    cvarnen@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:    213.229.7000
Facsimile:     213.229.7520

JEFF LOMBARD, SBN 285371
    jlombard@gibsondunn.com
310 University Avenue
Palo Alto, California  94301-1744
Telephone:    650.849.5300
Facsimile:     650.849.5333

*Attorneys for Defendants Jason Potter, Christopher
M. Miller, John E. Bachman, Mary Kay Haben,
Carey F. Jaros, Michael K. Kobayashi, Eric J. Lindberg,
Jr., Lawrence P. Molloy, Gail Moody-Byrd, Erik D.
Ragatz, and Jeffrey R. York, and nominal
Defendant Grocery Outlet Holding Corp.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARCUS, Derivatively on Behalf of GROCERY OUTLET HOLDING CORP., <br><br> Plaintiff, <br><br> v. <br><br> JASON POTTER, CHRISTOPHER M. MILLER, JOHN E. BACHMAN, MARY KAY HABEN, CAREY F. JAROS, MICHAEL K. KOBAYASHI, ERIC J. LINDBERG, JR., LAWRENCE P. MOLLOY, GAIL MOODY-BYRD, ERIK D. RAGATZ, and JEFFREY R. YORK, <br><br> Defendants, <br><br> and <br><br> GROCERY OUTLET HOLDING CORP., <br><br> Nominal Defendant. | Case No.: 4:26-cv-03116-AMO <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER STAYING CASE** <br><br> Hon. Araceli Martínez-Olguín |

STIPULATION AND [~~PROPOSED~~] ORDER STAYING CASE

WHEREAS, on April 13, 2026, plaintiff Eric Marcus ("Plaintiff") filed a complaint (the "Complaint") in the above-captioned shareholder derivative action (the "Derivative Action") purportedly on behalf of nominal defendant Grocery Outlet Holding Corp. ("Grocery Outlet" or the "Company") in this Court alleging causes of action for breach of fiduciary duties, among other claims, against defendants Jason Potter, Christopher M. Miller, John E. Bachman, Mary Kay Haben, Carey F. Jaros, Michael K. Kobayashi, Eric J. Lindberg, Jr., Lawrence P. Molloy, Gail Moody-Byrd, Erik D. Ragatz, and Jeffrey R. York (the "Individual Defendants," and, together with Grocery Outlet, the "Defendants")[1], and for contribution under Sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants Potter and Miller (the "Derivative Action");

WHEREAS, in addition to the Derivative Action, Grocery Outlet, Potter, and Miller are named as defendants in a related federal securities class action pending in this Court, captioned *Jones v. Grocery Outlet Holding Corp. et al*, Case No. 3:26-cv-02291-AMO (the "Securities Class Action"). The allegations in the Derivative Action substantially overlap with those in the Securities Class Action;

WHEREAS, staying this Derivative Action through summary judgment in the Securities Class Action will conserve judicial resources without prejudicing any Party; and

WHEREAS, the Parties therefore respectfully submit that this Derivative Action should be stayed until after this Court resolves any future motion for summary judgment in the Securities Class Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the Court's approval, as follows:

1.    To the extent they have not already been served or waived service previously, pursuant to Federal Rule of Civil Procedure 4(d), Defendants hereby agree to waive service of the Complaint.

2.    All proceedings in the Derivative Action, including all deadlines, hearings, ADR requirements and conferences and any deadlines to move, answer, plead, or otherwise respond to the Complaint or any amended complaints in this Derivative Action, shall be stayed or vacated.

3.    The stay established herein shall terminate upon occurrence of any of: (1) the final resolution of the defendants' motion for summary judgment in the Securities Class Action; or (2) any of

---

[1] Plaintiff and Defendants, together, are the "Parties".

STIPULATION AND [~~PROPOSED~~] ORDER STAYING CASE

the parties to this Stipulation has given a thirty (30) days' written notice that they no longer consent to the voluntary stay of this Derivative Action. The parties shall meet and confer and file with the Court a proposed schedule within twenty (20) days after the occurrence of any of the events above.

4.      Grocery Outlet shall promptly notify Plaintiff should it become aware of any stockholder derivative lawsuits or any books and records demands made pursuant to 8 Del. C. §220 regarding allegations that are the same or substantially similar to allegations made in the Derivative Action ("Related Derivative Action").

5.      Grocery Outlet shall promptly notify Plaintiff if any Related Derivative Action is not stayed for a similar or longer duration than this stay.

6.      Plaintiff shall have the option to terminate the stay if a Related Derivative Action is not stayed for a similar or longer duration than this Derivative Action upon twenty-one (21) days' notice to the undersigned counsel for Defendants via email and filing such notice with the Court.

7.      Defendants shall inform Plaintiff promptly upon the scheduling of, and shall make a good faith effort to include Plaintiff in, any mediation or formal settlement talks with plaintiff(s) in the Securities Class Action. In the event that Defendants' good faith efforts do not result in including Plaintiff in such mediation or settlement talks, Defendants agree to mediate in good faith with Plaintiff in this Derivative Action at or about the same time.

8.      Defendants shall provide Plaintiff with reasonable advance notice of, and shall invite Plaintiff to participate in, any mediation or formal settlement talks with plaintiff(s) in any Related Derivative Action.

9.      While the Derivative Action is stayed, in the event that Defendants agree to produce or are ordered to produce by a court of competent jurisdiction any documents in any Related Derivative Action, then copies of such documents shall be provided to counsel for Plaintiff within ten (10) days of such production, subject to the execution by the Parties of a reasonable and mutually-agreed confidentiality agreement  that governs the use and disclosure of such materials and permits Plaintiff to use the discovery in Plaintiff's case.

10.     While the Derivative Action is stayed, Plaintiff may file amended complaints, but

3

STIPULATION AND [~~PROPOSED~~] ORDER STAYING CASE

Defendants shall not be required to respond to the Complaint or any amended complaints until after the stay is terminated.

11.     The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to the Derivative Action, and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

12.     In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Derivative Action that are more favorable to the plaintiff(s) therein, Defendants will meet and confer with Plaintiff and inform Plaintiff of such terms. If Defendants do not agree that those terms shall apply to the Derivative Action, Plaintiff shall have the option to terminate the stay upon twenty-one (21) days' notice to the undersigned counsel for Defendants via email and filing such notice with the Court.

13.     By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, all of which are reserved.

**IT IS SO STIPULATED**

Dated: May 7, 2026

Respectfully submitted,

**THE BROWN LAW FIRM, P.C.**

*/s/ Robert C. Moest*
Robert C. Moest, Of Counsel, SBN 62166
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Email: rmoest@gmail.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017



IT IS SO ORDERED

Judge Araceli Martínez-Olguín

DATED: 5/20/2026

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

4

STIPULATION AND [~~PROPOSED~~] ORDER STAYING CASE

Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff*

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Craig Varnen*
Craig Varnen, SBN 172603
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Email: cvarnen@gibsondunn.com

Jeff Lombard, SBN 285371
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: (650) 849-5300
Facsimile: (650) 849-5333
Email: jlombard@gibsondunn.com

*Attorneys for Defendants Jason Potter, Christopher M. Miller, John E. Bachman, Mary Kay Haben, Carey F. Jaros, Michael K. Kobayashi, Eric J. Lindberg, Jr., Lawrence P. Molloy, Gail Moody-Byrd, Erik D. Ragatz, and Jeffrey R. York, and nominal Defendant Grocery Outlet Holding Corp.*

I, Craig Varnen, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order Staying Case. In compliance with Civil L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

*/s/ Craig Varnen*
Craig Varnen

\*      \*      \*

5

STIPULATION AND [~~PROPOSED~~] ORDER STAYING CASE